# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AARON L. TURNER, SR.,**

    **Plaintiff,**

        v.                           CASE NO. 25-3019-JWL

**KANSAS COURT OF APPEALS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. (*See* Doc. 6.) On March 3, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause by April 3, 2025, why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 9).

Plaintiff's claims relate to his state criminal proceedings. In March of 2022, Plaintiff was convicted of four counts of aggravated robbery and three counts of criminal possession of a firearm in the District Court of Wyandotte County, Kansas. (Doc. 1-1, at 2.) Plaintiff appealed, and his appeal was rejected by the Kansas Court of Appeals ("KCA"). Plaintiff states that he represented himself throughout the trial and appeal, except for a brief period when he was represented by appointed attorneys from the Kansas Appellate Defender Office.

Plaintiff complains about the investigation leading to his arrest, the trial, the KCA, the appellate clerk's office, and his appointed appellate counsel. To summarize, Plaintiff alleges that he was forced to file his appellate brief without a copy of the trial court record; that he did not

1

receive the State's brief on appeal; that the clerk's office gave him false information about appellate procedure and failed to file some of Plaintiff's submissions; that his appointed attorney filed a brief without consulting him that did not raise any of the issues Plaintiff had preserved; that the KCA did not follow the law and disregarded the record; that the KCA released its mandate before sending out its opinion, "running out" the time for Plaintiff file a petition for review; and that he was denied the right to seek review by the Kansas Supreme Court or the U.S. Supreme Court.

The Complaint also includes allegations about Plaintiff's trial. He alleges, in part, that his motion to suppress should not have been denied; that the police made material misrepresentations in the application for a search warrant; that he was arrested without probable cause; that evidence should not have been brought across state lines; that his firearm convictions were multiplicious; that there was not sufficient evidence to support his conviction for robbery of Mary Gunderson; that his motion in limine should not have been denied; that Gunderson provided perjured testimony; that there was prosecutorial error, including leading a witness into a fraudulent identification of Plaintiff and doctoring or withholding portions of the record; and that evidence allegedly found in Plaintiff's apartment was not reliable.

The Complaint (Docs. 1 and 1-1) is 98 pages long and includes either 164 counts (Doc. 1, at 96) or 242 counts (Doc. 1-1, at 4), by Plaintiff's count. Nearly all assert due process violations, with the exception of four Eighth Amendment counts, a Fourth Amendment count, and a Fifth Amendment count.

Plaintiff names the following defendants: the Kansas Court of Appeals; the City of Topeka; Anthony T. Bukaty, clerk's office; Darrin Harris, clerk's office; David Burns, judge; P.J. Hill, judge; Mary E. Christopher, judge; Sam Schirer, attorney with the Kansas Appellate Defender

Office; the Wyandotte County District Court; the City of Kansas City, Kansas; Michael Russell, judge; Chris Herndon, court reporter; Adam Cederburg; Tonda Hill, Wyandotte County District Attorney's Office; Mark Dupree, Sr., Wyandotte County District Attorney's Office; (fnu) Lee, Detective, Kansas City, Kansas Police Department; (fnu) Varnano, Detective, Kansas City, Kansas Police Department; the Clay County Police Department; Peter Neukirch, Detective; and Clay County, Missouri.

Plaintiff seeks to have his appeal overturned, his criminal case dismissed, $566.6 million in compensatory, punitive, and emotional distress damages, and the return of all his personal property. (Doc. 1-1, at 96.)

In the MOSC, the Court found that to the extent Plaintiff's claims challenge his state convictions and sentence, they are not cognizable in a § 1983 action but must be brought in a habeas corpus proceeding after he exhausts his state court remedies. (Doc. 7, at 5.) Furthermore, the Court found that Plaintiff's allegations, if found to be true, could call into question the validity of his convictions. Therefore, before he may proceed in a federal civil action for monetary damages based upon his convictions or sentence, he must show that his convictions have already been invalidated through the habeas process or otherwise. *Id.* at 6. Finally, the Court found that many of the defendants Plaintiff names are either improper defendants to a § 1983 action or immune from liability. *Id.* at 6-11.

In his response to the MOSC, Plaintiff does not directly address any of the bases for dismissal summarized above. Instead, he argues that he is a citizen of the United States, his rights have been violated, and his claims are valid. (*See* Doc. 9.)

The Court has not determined the validity of Plaintiff's claims. Rather, the Court has found that his claims cannot be presented in a § 1983 action at this time. *Preiser v. Rodriguez,* 411 U.S.

3

475, 499 (1973). Plaintiff must start with exhausting any state court remedies he may have, such as a state habeas action. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000). If he is not successful in state court, he must present his claims here through a petition for habeas corpus. *Preiser*, 411 U.S. at 499. If either the state courts or this Court find that his convictions are invalid, Plaintiff may then seek monetary damages by filing a § 1983 action against appropriate defendants. *Heck*, 512 U.S. 477.

Plaintiff has failed to show good cause why his Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.[1]

**IT IS SO ORDERED**.

Dated March 25, 2025, in Kansas City, Kansas.

                                                  **S/   John W. Lungstrum**
                                                  **JOHN W. LUNGSTRUM**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[1] A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *see also Scott v. Ramirez*, 2023 WL 2196002, at *2 (10th Cir. 2023) (unpublished) ("Likewise, a dismissal under § 1915A(b)(2) based on a defendant's immunity can count as a strike if such a dismissal was subsumed in frivolousness or an appellant's failure to state a claim.") (citation omitted); *Rigsby v. Great State of Arkansas*, 2022 WL 782659, at *3 (10th Cir. 2022) (unpublished) (stating in case dismissed based on *Heck* and immunity that "district court's dismissal of this case on immunity grounds and for failure to state a claim constitutes a 'strike' under 28 U.S.C. § 1915(g).").